**James E. CARNEY, Plaintiff–Appellant,**

v.

**Togo WEST, Secretary Designate, U.S. Department of Veterans Affairs, Defendant–Appellee.**

**No. 00–6178.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2001.

James E. Carney, pro se, Cheektowaga, NY, for Plaintiff–Appellant.

Lynn Edelman, Assistant United States Attorney, on behalf of Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Buffalo, NY, for Defendant–Appellee.

Present LEVAL, CABRANES and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant James E. Carney, *pro se,* appeals from a judgment of the United States District Court for the Western District of New York (John T. Curtin, *Senior Judge*) granting summary judgment in favor of Defendant–Appellee and dismissing his action brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117. Mr. Carney alleged that Defendant–Appellee Togo West, the Secretary Designate of the United States Department of Veteran Affairs ("VA"), failed to comply with Equal Employment Opportunity Commission ("EEOC") decisions requiring the VA to grant Mr. Carney the pay and benefits to which he would have been entitled had he not been discriminatorily dismissed from his position at the Veterans Hospital in Buffalo, NY.

The District Court granted the VA's motion for summary judgment, concluding that (1) Mr. Carney failed to provide any evidence that the VA did not properly comply with the EEOC's order to award him back-pay, and (2) Mr. Carney did not provide any evidence which challenged the propriety of the VA's partial recoupment from Mr. Carney of the contribution it paid on his behalf to the Civil Service Retirement System ("CSRS") or of the VA's method for seeking reimbursement from him for the post-recoupment shortfall that remained and was paid, again on his behalf, by the VA. The District Court also noted that the VA informed Mr. Carney that the balance for which the VA seeks reimbursement from him (representing the VA's payment on the remaining, but unrecovered CSRS contributions) is likely to be canceled if Mr. Carney files a written waiver request with the VA. Mr. Carney has timely appealed.

We affirm for substantially the same reasons as provided in the District Court's opinion. Accordingly, the judgment of the District Court is hereby AFFIRMED.